**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PEREZ-GOMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-365-1-AML

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Perez-Gomez appeals from his guilty-plea conviction for improper entry by alien, subsequent offense, in violation of 8 U.S.C. § 1325(a)(1).

Perez-Gomez argues that the district court abused its discretion when it denied his request for a continuance of his sentencing hearing because he was unable to gather the materials necessary to file objections to two prior uncounseled misdemeanor convictions that were used to calculate his criminal history score.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez-Gomez's argument that more time was needed is not supported by the record, because the record indicates that at the sentencing hearing Perez-Gomez had the necessary information to challenge at least one of the convictions at issue, yet he did not submit this information into evidence. The record also indicates that the uncounseled misdemeanor convictions arose out of the same division and district as the instant conviction, and neither the record nor Perez-Gomez's arguments explain why more time was needed to secure the relevant documentation before his sentencing hearing, nor do his arguments explain why he only offers conjecture to this court more than one year after the sentencing hearing.

Finally, Perez-Gomez does not argue that in connection with his two prior uncounseled pleas he did not fully understand the charge or the range of potential imprisonment, he does not articulate the additional information that counsel could have provided, nor does he argue that he was unaware of his right to be counseled prior to and at his arraignment. See Iowa v. Tovar, 541 U.S. 77, 92-93 (2004). Perez-Gomez concedes that he was informed of his right to an attorney, that he was told that he could hire an attorney or have a court-appointed attorney if he could not afford to hire counsel, and that he was told that he had the right to give up his right to an attorney and plead guilty immediately. His argument thus does not indicate that he did not competently and intelligently waive his right to the assistance of counsel in

2

connection with the uncounseled misdemeanor convictions that are at issue.  Id. at 91-92.

Based on the foregoing, Perez-Gomez has failed to establish that the district court's denial of his motion for a continuance resulted in specific and compelling, or serious, prejudice.  He has therefore failed to establish that the denial was an abuse of the district court's discretion.  See United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999).

The district court's judgment is **AFFIRMED**.